IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WON KIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-986 |
| ) | |
| U.S. BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Won Kim's Motion for attorney fees, costs, and interest (Dkt. No. 32), which Defendant U.S. Bank, N.A. opposes. Both parties have briefed the issue extensively. The Court has reviewed all submissions, and now issues this opinion and accompanying order granting Plaintiff's motion for fees and costs, but in an amount lower than requested.

### I. BACKGROUND

On August 31, 2012, Plaintiff filed a Complaint against Defendant U.S. Bank, N.A., as trustee for the holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FMIM alleging violations of 15 U.S.C. § 1640, the Truth in Lending Act ("TILA"). On January 24, 2006, Plaintiff entered into a consumer credit transaction which included a mortgage note secured by his principal residence. On August 2, 2011, the beneficial interest in Plaintiff's mortgage was reportedly assigned to Defendant and recorded in the Fairfax County land records office on August 20, 2011.

Under 15 U.S.C. § 1641(g) of the Truth In Lending Act, a new creditor is required to notify a borrower within thirty (30) days of any transfer or assignment of their mortgage loan to

1

a third party. Plaintiff's single-count Complaint alleges that Defendant failed to satisfy this statutory requirement.

On December 27, 2012, Defendant filed a Motion for Leave to File its Motion to Dismiss (Dkt. No. 5). Magistrate Judge Anderson denied Defendant's motion without prejudice as premature because Defendant failed to engage in a good faith consultation with Plaintiff. Following the consultation, Defendant re-filed an Amended Motion for leave to file its Motion to Dismiss (Dkt. No. 11), which Plaintiff opposed. Magistrate Judge Anderson granted Defendant's Motion for leave and deemed Defendant's Motion to Dismiss (Dkt. No. 7) from December 27, 2012 timely filed. On March 1, 2013, this Court heard argument on Defendant's Motion to Dismiss, which was denied for the reasons stated in open court.

Defendant filed an Answer to Plaintiff Complaint on March 11, 2013. Following a May 1, 2013 Rule 16(b) Scheduling Order, all discovery was to conclude by August 9, 2013. Judge Anderson approved the discovery Plan filed by the parties. On May 17, 2013, Defendant filed an Offer of Judgment pursuant to Fed. R. Civ. P. 68 in the amount of four thousand and one dollar and no cents ($4,001.00) plus costs and reasonable attorney's fees. The same day, Plaintiff filed a Notice of Acceptance of the Offer of Judgment.[1] The Clerk entered Judgment in favor of Plaintiff Won Kim against U.S. Bank, N.A. in the amount of $4,001.00 with costs and attorney's fees on May 23, 2013.

Having resolved the substantive issues before the Court in the offer and acceptance of judgment, pursuant to Fed. R. Civ. P. 68, the only matter before the Court concerns reasonable attorney's fees and costs. On May 31, 2013, Plaintiff filed his present Motion for Attorney's Fees, Costs, and Interest (Dkt. No. 32), which Defendant opposes.

---

[1] Due to errors in the filing of the initial Acceptance notice, Plaintiff was required to re-file the Acceptance of Judgment, which he did on May 21, 2013 (Dkt. No. 30).

## STANDARD OF REVIEW

The Truth In Lending Act provides that a plaintiff may recover based on a violation of the notice requirements under 15 U.S.C. § 1641(f)(2) any actual damages, statutory damages in an amount not less than $400 and not more than $4,000 as well as associated costs and fees. *See* 15 U.S.C. § 1640(a). TILA also provides for the mandatory payment of reasonable attorney's fees. *See Duncan v. GE Consumer Fin., Inc.*, 2007 WL 3275152 (W.D. Va. 2007). It is undisputed that the party applying for an award of attorney's fees bears the burden of demonstrating the reasonableness of the amount sought. *See Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 730 F.Supp. 2d 513, 519 (E.D. Va. 2010). Ultimately, the reasonableness of the requested fee is measured by applying the lodestar formula, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Duncan* at 4-5. Any award "which greatly exceeds the amount of damages at stake," such as the case before the Court, "requires strong support from the circumstances of the particular case." *Id.*

## ANALYSIS

### I. ATTORNEY FEES

In deciding what constitutes a 'reasonable' number of hours and rate, the Fourth Circuit has instructed that a district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended;
> (2) the novelty and difficulty of the questions raised;
> (3) the skill required to properly perform the legal services rendered;
> (4) the attorney's opportunity costs in pressing the instant litigation;
> (5) the customary fee for like work;
> (6) the attorney's expectations at the outset of the litigation;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount in controversy and the results obtained;
> (9) the experience, reputation and ability of the attorney;
> (10) the undesirability of the case within the legal community in which the suit

arose;
(11) the nature and length of the professional relationship between attorney and client; and
(12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir.1978) (adopting the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714)).

### A. Time and Labor Expended

Plaintiff's Counsel Christopher Brown filed along with his motion for fees an "Attorney Hours" worksheet which contains notes indicating that Mr. Brown worked a total of 47.5 hours on this matter. Given that this litigation has been ongoing for nine months, Mr. Brown, without additional argument, asserts that "the fees are quite reasonable." Motion at 3. Defendant, however, argues that Mr. Brown's billing records demonstrate grossly overinflated time and labor expenses. Specifically, Defendant argues that much of the work in this case was duplicative of work done by Mr. Brown for similar clients in unrelated matters.

Defendant is correct that Mr. Brown regularly works on behalf of consumers in home mortgage litigation, but the degree to which Defendant claims Mr. Brown's work is duplicative is overstated. Defendant cites specifically to Plaintiff counsel's billing for time spent drafting a motion for default on December 17, 2012, which was never filed. This seems an odd example for Defendant to highlight, considering the need for such a motion was due to its own failure to respond from the time of the filing of the Complaint on August 31, 2012 to the time it filed a Motion for leave on December 27, 2012.

Nonetheless, Mr. Brown's recordation of time spent preparing for this litigation is imprecise and requires the Court to reduce the overall hours spent to some degree. Defendant is correct that the hours listed by Mr. Brown are conveniently round and may overstate the effort

4

expended to accomplish the tasks associated with each billing line. In addition, Mr. Brown clearly identifies for the Court three lines that are "anticipated time." These include "Hearing on Petition – 2.0" and "Various phone calls/emails with client/counsel – 2.0." The Court did not require a hearing on this motion. Furthermore, the Court cannot verify that the "various phones calls" anticipated by Mr. Brown were necessary or even took place. Those four hours will be subtracted from the 47.5 hours claimed by Mr. Brown for a total of 43.5 hours based on the time and labor expended.

### B. The Novelty and Difficulty of the Questions Raised

Mr. Brown claims that the complexity of the issues raised in this action require the Court find in favor of his petition. He argues that the TILA statute was amended in 2009, making the claim novel in the Eastern District of Virginia. He relies on Defendant's Motion to Dismiss, which included several novel arguments, as evidence that the action presented counsel with difficult issues of law. Defendant, however, refers to the action as a "plain vanilla Truth in Lending Act case," without any novel issues for Mr. Brown to handle.

Defendant claims that Mr. Brown should have been familiar with the "underlying principles" at issue in the case. The vast majority of a counsel's time is not spent familiarizing himself with the principles of TILA law, but instead appears to have been spent delving into the fact-specific circumstances of his client relative to the defendant. Mr. Brown is undoubtedly familiar with regular practices in consumer rights and residential lending litigation, but Defendant seemingly argues that 47.5 hours of work would only be justified in a case in which counsel "had a mountain to climb." While 47.5 hours may have been more than necessary, it was not grossly inflated, as Defendant implies.

### C. Skill Requisite to Perform the Legal Service Properly and the Experience, Reputation, and the Ability of the Attorney

Again, Plaintiff's counsel and Defendant disagree on the degree to which this matter required great skill and experience to properly prosecute. Defendant argues that Plaintiff's counsel demonstrated inexperience and a lack of familiarity with "basic litigation principles (e.g. opposing Motion for Leave) or TILA itself (spending over 5 hours to address the Motion to Dismiss)." Opposition at 10. Defendant also argues Plaintiff counsel's reputation in district courts and the state courts of Virginia is poor. Apart from a single citation to a case that was positively resolved for Plaintiff counsel's unrelated client, there is no evidence to suggest Mr. Brown's reputation would require the Court to find him in poor standing. Furthermore, the reputation and skill required to forcefully advocate for his client is not akin to Mr. Brown's reputation among defense lawyers representing the world's largest financial institutions. Mr. Brown's reputation for the work he endeavors on behalf of his clients is sound and is not cause for the Court to find the rate he charged or the hours he worked were excessive.

### D. The Customary Fee and Awards in Similar Cases

Both Defendant and Plaintiff direct the Court's attention to the *Laffey* Matrix, which is a chart used to calculate customary fees for attorneys in the District of Columbia. While the *Laffey* Matrix is a useful starting point to guide the Court's analysis, it is not "a reliable indicator of the hourly rates of litigation attorneys in [Alexandria] Virginia, a suburb of Washington, D.C." *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 245 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313 (2008)). Instead, the Court will rely on the Court of Appeals for the Fourth Circuit's guidance in *Grissom v. The Mills Corp.*, 549 F.3d 313 (2008), which provided a slightly different hourly rate based on an attorney's experience.

Plaintiff submitted to the Court a request for fees, including affidavits from himself

confirming his hourly rate as well as an affidavit from Todd Lewis, an attorney in good standing in Florida, New York, Maryland, the District of Columbia, and Virginia. Mr. Lewis' affidavit states that the customary rate for senior members of a consumer protection law firm ranges from $400 to $800 per hour. Apart from this affidavit, Plaintiff has not provided any evidence that his rate of $500 per hour is reasonable within the Eastern District of Virginia. The Court, therefore, relies on the guidance provided in *Grissom* to calculate a reasonable hourly rate.

In *Grissom*, decided December 3, 2008, the court determined that a reasonable hourly rate in Alexandria, Virginia should be no more than $380 for a senior attorney with 20 or more years of experience, $335 for an attorney with 11-19 years of experience, $270 for 8-10 years of experience, $220 for 4-7 years of experience, and $180 for 1-3 years of experience. During that same time period, the *Laffey* Matrix provided that hourly rates for attorney with 20 or more years of experience should be $465, $410 for 11-19 years of experience, $330 for 8-10 years of experience, $270 for 4-7 years of experience and $225 for 1-3 years of experience.[2] By 2013, the *Laffey* Matrix provided the following hourly rates: $505 for 20-plus years, $445 for 11-19 years, $355 for 8-10 years, $290 for 4-7 years, and $245 for 1-3 years. The change in hourly rates from 2008 to 2013 accounted for an increase of between approximately 9% and 16%, depending on the attorney's experience.

Mr. Brown has been an attorney since approximately 1995. Under the *Laffey* Matrix, Mr. Brown's 18 years of experience would qualify him as an "experienced federal court litigator." Between the time the *Grissom* Graph was adopted in 2008 and 2013, the hourly rate provided in the *Laffey* Matrix increased by about 14%. Applying that same increase to the *Grissom* Graph's rate for that same level of experience ($335), the appropriate hourly rate for an "experienced

---

[2] *Laffey* Matrix – 2003-2013. http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf

federal court litigator" should be approximately $380. Therefore, given the corresponding level of experience and an approximate increase in the hourly rate from 2008 to 2013, Mr. Brown's hourly rate should be $380.

### E. The Amount in Controversy and the Results Obtained

The amount in controversy was not a substantial amount of money relative to many of the cases litigated by Plaintiff's counsel. Ultimately, Plaintiff accepted the Offer of Judgment, which included damages in the maximum statutory amount under TILA's notice requirement – $4,000. While this amount is by no means a windfall, Plaintiff's counsel obtained the largest judgment possible for his client. Furthermore, Defendant's reliance on the Eighth Circuit's decision in *Stutzka v. McCarville*, is not applicable to the case at hand. *Stutzka*, 243 Fed. Appx. 195 (8th Cir. 2007). In *Stutzka*, the Court determined that the attorney spent most of his time working on issues outside the scope of the TILA claim. In this case, Plaintiff's Complaint contained only one count and all of Plaintiff counsel's time was spent on the TILA issue. The amount awarded to Plaintiff, while relatively small, does not make Mr. Brown's attorney fees excessive or unreasonable.

### F. Opportunity Costs In Pressing the Litigation and Time Limitations Imposed by Client or Circumstances

Neither party has offered any convincing evidence to suggest that Plaintiff's counsel was forced to forego other clients due to this litigation. As Defendant comments, Mr. Brown was able to continue his work on behalf of other clients and continued to actively litigate in unrelated cases. At the same time, Mr. Brown spent months working on this matter in earnest and as part of a smaller firm, was required to manage his time effectively in this matter. Ultimately, Mr. Brown's opportunity costs and any limitations imposed by the litigation minimally affected the reasonableness of his requested fees.

### G. The Undesirability of the Case Within the EDVA Legal Community

Quite reasonably, this case is not particularly desirable among the attorneys practicing law within the area of Northern Virginia. Under the TILA statute, attorney's fees for successful plaintiff's counsel are only awarded at the conclusion of the litigation and, as is the case here, require additional briefing and a court award before the attorney is paid. The vast majority of consumer protection claims arise out of clients facing financial distress whom are unlikely to afford large up-front retainers. Each consumer protection claim involving clients in financial distress present a far greater risk that the attorney will not see any payment at all than an attorney practicing in other areas of the law. These factors tend to favor Mr. Brown's relatively high hourly rate.

### H. Nature and Length of the Professional Relationship Between Mr. Brown and His Client

Counsel has been working for Plaintiff since the beginning of this matter in August 2012. The relationship does not date back to an earlier time. This factor provides no additional support for an award of attorney's fees.

### I. Attorney's Expectations at the Outset of Case

Mr. Brown offers little support for his legal fees based on his reasonable expectations. This factor does not provide additional support for an award of attorney's fees.

## IV. COSTS

As a matter of course, unless otherwise provided for by statue, the prevailing party is entitled to costs, other than attorney's fees. In this case, Plaintiff represents that the costs included the $350 filing fee, and $56 for service of process expenses. Plaintiff is entitled to a total award of $406 for costs.

## CONCLUSION

As Defendant concedes, Plaintiff won a judgment for the maximum statutory amount and Plaintiff's counsel is entitled to reasonable attorney's fees for his work. Mr. Brown submits to the Court that his hourly rate was $500 per hour and that he worked a total of 47.5 hours on this matter. He claims, therefore, that he is entitled to a reasonable award of attorney's fees in the amount of $23,750. Mr. Brown has not, however, satisfied his burden to prove that his hourly rate and hours billed were reasonable under the circumstances.

Mr. Brown's hourly rate was in excess of the amount provided by the court in *Grissom*, although it was not grossly excessive. Rather than the $500 per hour rate Mr. Brown seeks, the Court will calculate reasonable fees, consistent with *Grissom*, at a rate of $380. This accounts for the corresponding yearly increase in the *Laffey* Matrix rates and credits Mr. Brown with 18 years of experience.

The 47.5 hours billed by Mr. Brown are also in excess of what was reasonable and requires a downward adjustment. As stated, Mr. Brown cannot bill for the "anticipated" hours listed on his time sheet. In addition, Mr. Brown's recordation of time spent preparing for trial was imprecise and left the Court unable to properly analyze each of the itemized time periods. Finally, the significant disparity between the amount awarded to Plaintiff and the amount sought by Plaintiff's counsel tend to factor against Mr. Brown's requested award.

Given the successful result earned on behalf of his client and taking into account the factors tending against his request for fees, Mr. Brown is reasonably entitled to account for approximately 30 hours of work on behalf of Plaintiff in this matter. Calculating the lodestar figure, the Court multiples the number of hours Mr. Brown has reasonably worked on this matter, 30 hours, times the reasonable hourly rate, $380, for a total award of attorney's fees in

the amount of $11,400. Plaintiff is also entitled to costs in the amount of $406. In total, Plaintiff shall be awarded $11,806.00 in attorney's fees and costs associated with this litigation.

July 29 2013
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge